IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Brittany Zarco, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| Book and Ladder, LLC | ) | |
| Serve:  Book & Ladder, LLC | ) | |
|        c/o Site Manager | ) | |
|        The Rockland | ) | |
|        1301 W. 24th Street | ) | |
|        Lawrence, KS 66046 | ) | |
| | ) | |
|     Defendant. | ) | |

**COMPLAINT**

Plaintiff Brittany Zarco ("Plaintiff"), for her complaint against Book and Ladder, LLC ("Book & Ladder" or "Defendant"), states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is an individual residing in Lawrence, Kansas. She is a former employee of Defendant Book & Ladder.

2. Book & Ladder is a limited liability company that owns and operates The Rockland apartment complex in Lawrence, Kansas. Book & Ladder is not listed on the Kansas Secretary of State's website as registered to do business in Kansas. It can be served its on-site manager at The Rockland at 1301 W. 24th Street, Lawrence, Kansas 66046.

3. Plaintiffs' claims are brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

1

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Kansas.

## FACTUAL BACKGROUND

5. In the summer of 2022, Plaintiff began working as a leasing agent for The Rockland, an apartment complex located in Lawrence, Kansas and owned and operated by Defendant.

6. During her time working there, Plaintiff received positive feedback and a good evaluation from her supervisors.

7. Beginning in late July 2022, Plaintiff was forced to endure repeated sexual harassment by a resident at The Rockland.

8. The resident started out giving Plaintiff unwanted compliments, and over time escalated to him making overtly sexual comments to her and repeatedly asking her to kiss him.

9. Plaintiff repeatedly rejected the resident's advances, but he would not stop.

10. Plaintiff's managers witnessed the resident sexually harassing Plaintiff, and did nothing to intervene.

11. In addition to the harassment, the resident would at times make physical threats, including bringing a knife into the leasing office.

12. When Plaintiff raised her concerns with this resident to her boss, Cayce Lay, she was simply told that the company did not think the police would enforce a ban, and it would not be safe to ban the resident without police enforcement.

13. In addition to feeling unsafe because of the resident, Plaintiff was also sexually harassed by a maintenance worker at the apartment complex, who sat on her lap despite Plaintiff pushing him off, and kissed her on the neck against her will.

14. In or around November 2022, Plaintiff first reported the maintenance worker's unwanted advances to Ms. Lay. In late January or early February 2023, after seeing no improvement, Plaintiff again reported the issue to Ms. Lay.

15. Lay told Plaintiff that the employee would be ordered to watch a sexual harassment training video, but also told her that the company was under no obligation to provide her with a safe workplace.

16. Plaintiff was taken aback by this response, and decided to escalate the issue to her regional manager, Matt Peters, on February 12, 2023.

17. Plaintiff never received a response to her letter to Peters.

18. Also in February, Plaintiff requested a period of medical leave for early March, when she was scheduled for eye surgery and recovery from surgery.

19. Plaintiff was on medical leave from March 1-16, 2023 for surgery to repair a retinal detachment which had been bothering her for an extended period of time.

20. Plaintiff returned to work around March 17, 2023, at the conclusion of her leave.

21. In her first week back, the marketing manager, Allison, told Plaintiff that she wanted her to represent The Rockland at the biannual student housing fair hosted at the University of Kansas.

22. Allison told Plaintiff that she believed Plaintiff would be good at that sort of event. Another manager, Brett, agreed and told Plaintiff to "bring all [her] positivity!"

23. About a week after the housing fair, and within two weeks of her return from medical leave, Ms. Lay called Plaintiff into the office and terminated her employment.

24. Ms. Lay told Plaintiff that her "attitude toward recent events" was hurting morale.

25. Plaintiff had always been praised for her bright personality at The Rockland, and she received a good performance review in January, just a couple months before the termination.

26. Plaintiff understood the comment about her "attitude toward recent events" to mean that the company was upset she had not simply taken their dismissal of her concerns about sexual harassment lying down, and instead had escalated her complaint to the regional manager.

27. In addition, the timing of her termination just days after her return from medical leave indicates that the Defendant was upset with Plaintiff requesting and taking leave for recovery from surgery.

28. ***Exhaustion of Administrative Remedies.*** On September 27, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

29. On January 4, 2024, the EEOC issued Plaintiff a Notice of Right to Sue.

## COUNT I: TITLE VII SEX DISCRIMINATION

30. Plaintiff incorporates herein the allegations set forth above.

31. Plaintiff is a female, a member of a protected class.

32. Plaintiff was an employee of Defendant Book and Ladder.

33. Defendant terminated Plaintiff's employment on or around March 27, 2023.

34. At the time of her termination, Plaintiff had no issues with her performance that would have justified the termination.

35. The timing and circumstances of Plaintiff's termination create an inference that Plaintiff's termination was the result of unlawful sex discrimination because Defendant did not treat her allegations of sexual harassment seriously.

36. Defendant's discriminatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment and frustration.

37. Defendant's discriminatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employees from engaging in similar conduct.

WHEREFORE Plaintiff Brittany Zarco respectfully requests that the Court enter judgment in her favor on Count I and against Defendant Book and Ladder, LLC for damages to be proven at trial, for reasonable attorneys' fees and expenses, and for such other relief as the Court deems just and proper under the circumstances.

## COUNT II: TITLE VII RETALIATION

38. Plaintiff incorporates herein the allegations set forth above.

39. Plaintiff is a former employee of Defendant Book & Ladder

40. In the course of her employment, Plaintiff engaged in protected activity when she reported sexual harassment by both a resident and a co-worker to her supervisors.

41. Defendant terminated Plaintiff's employment on or around March 27, 2023.

42. At the time of her termination, Plaintiff had no issues with her performance that would have justified the termination.

43. The timing and circumstances of Plaintiff's termination, in which she was fired weeks after reporting sexual harassment, supposedly for her "attitude around recent events," create an inference that Plaintiff's termination was a result of unlawful retaliation for her protected activity.

44. Defendant's retaliatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment, and frustration.

45. Defendant's retaliatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE Plaintiff Brittany Zarco respectfully requests that the Court enter judgment in her favor on Count II and against Defendant Book and Ladder, LLC for damages to be proven at trial, for reasonable attorneys' fees and expenses, and for such other relief as the Court deems just and proper under the circumstances.

## COUNT III: DISABILITY DISCRIMINATION

46. Plaintiff incorporates herein the allegations set forth above.

47. Plaintiff is a former employee of Defendant.

48. Plaintiff was disabled for purposes of the Americans with Disabilities Act ("ADA"), in that she was substantially limited in the ability to perform a major life activity as a result of a retinal detachment.

49. Plaintiff was qualified to perform the essential elements of her job for Defendant with a reasonable accommodation of medical leave until she was able to recover from the eye surgery.

50. Defendant terminated Plaintiff's employment on or around March 27, 2023.

51. The circumstances of Plaintiff's termination create an inference that Defendant's actions were taken because of Plaintiff's disability.

52. Defendant's discriminatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment, and frustration.

53. Defendant's discriminatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE Plaintiff Brittany Zarco respectfully requests that the Court enter judgment in her favor on Count III and against Defendant Book and Ladder, LLC for damages to be proven at trial, and for such other relief as the Court deems just and proper under the circumstances.

### COUNT IV: ADA RETALIATION

54. Plaintiff incorporates herein the allegations set forth above.

55. Plaintiff engaged in protected activity when she told Defendant about her disability and requested an accommodation of short-term medical leave in the spring of 2023.

56. Defendant terminated Plaintiff's employment on or around March 27, 2023.

57. The circumstances of Plaintiff's termination create an inference that Defendant's actions were taken because of Plaintiff's request for a reasonable accommodation.

58. Defendant's retaliatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment, and frustration.

59. Defendant's retaliatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE Plaintiff Brittany Zarco respectfully requests that the Court enter judgment in her favor on Count IV and against Book and Ladder, LLC for damages to be proven at trial, for reasonable attorneys' fees and expenses, and for such other relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests the trial be held in Kansas City, Kansas.

                                              **HKM EMPLOYMENT ATTORNEYS, LLP**

By:    */s/ Kevin A. Todd*
          Kevin A. Todd,              KS 78998
          ktodd@hkm.com
          John J. Ziegelmeyer III,    KS 23003
          jziegelmeyer@hkm.com
          Brad K. Thoenen,        KS 24479
          bthoenen@hkm.com
          Ethan Crockett,          KS 79069
          ecrockett@hkm.com
          1501 Westport Road
          Kansas City, Missouri 64111
          816.301.5430

          ATTORNEYS FOR PLAINTIFF